Submitted May 29, felon in possession of a firearm with a firearm conviction reversed; remanded for resentencing; otherwise affirmed July 1, petition for review denied September 11, 2015 (357 Or 743)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANTWAUN LESHAWN SPENCER,
*Defendant-Appellant.*

Multnomah County Circuit Court
121034526; A155247

353 P3d 1253

Peter Gartlan, Chief Defender, and Mary M. Reese, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Antwaun Leshawn Spencer filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael A. Casper, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant challenges his conviction of felon in possession of a firearm with a firearm, ORS 166.270 and ORS 161.610.[1] Specifically, he assigns error to the trial court's denial of his motion for judgment of acquittal of that charge.[2] Defendant argues that a person who has been convicted of a felony is not a felon for the purposes of the crime of felon in possession of a firearm if a judgment reducing the felony to a misdemeanor was in effect at the time the person was alleged to have possessed a firearm.[3] Here, defendant was convicted of hindering prosecution, a felony, in 2004. In 2007, however, a trial court reduced the felony to a misdemeanor offense. Thus, defendant contends, when he possessed a firearm in 2012, which was the basis for the charge of felon in possession of a firearm with a firearm, he was not a felon for the purposes of the conviction, and the trial court erred in denying his motion for judgment of acquittal. The state concedes the error, and we accept the concession.

Felon in possession of a firearm with a firearm conviction reversed; remanded for resentencing; otherwise affirmed.

---

[1] Defendant was also convicted of several other counts—first- and second-degree robbery, reckless driving, and attempting to elude an officer—not at issue on appeal.

[2] Defendant also raises, in a *pro se* supplemental brief, other assignments of error, which we reject without further written discussion.

[3] ORS 166.270(3)(a) provides that a felony conviction "shall not be deemed a conviction of a felony if * * * [t]he court declared the conviction to be a misdemeanor *at the time of judgment.*" (Emphasis added.) In *State v. Stark*, 354 Or 1, 17, 307 P3d 418 (2013), the Supreme Court interpreted the phrase "at the time of judgment" to mean "the time of the judgment of conviction that was in effect at the time of the alleged firearm possession."